## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ALEX UGORETS and ELENA UGORETS,

                    Plaintiffs,

v.

CITY OF SHOREWOOD, SHOREWOOD CITY
COUNCIL, JENNIFER LABADIE, DEBBIE
SIAKEL, PATRICK JOHNSON, NATHANIEL
GORHAM, LARRY BROWN, MARIE
DARLING, TIM KEANE, PAULA CALLIES,
AND GREG LERUD,

                    Defendant.

Civil No. 21-1446 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTIONS TO
DISMISS**

---

      Jordan W. Anderson and Boris Parker, **PARKER & WENNER, PA**, 150 South
Fifth Street, Suite 1850, Minneapolis, MN 55402, for plaintiffs.

      Jessica E. Schwie and Joshua P. Devaney, **KENNEDY & GRAVEN,
CHARTERED**, 150 South Fifth Street, Suite 700, Minneapolis, MN 55402, for
defendants City of Shorewood, Shorewood City Council, Jennifer Labadie,
Paula Callies, Debbie Siakel, Patrick Johnson, Nathaniel Gorham, Greg
Lerud, Larry Brown, and Marie Darling.

      Henry M. Helgen, III, **KUTAK ROCK, LLP**, 60 South Sixth Street, Suite 3400
Minneapolis, MN 55402, for defendant Tim Keane.

      Defendants in this property dispute have moved to dismiss this action which

alleges constitutional violations and a conspiracy claim.  The defendants are the City of

Shorewood, the Shorewood City Council and its council members and individual city

employees:  Jennifer Labadie, Paula Callies, Debbie Siakel, Patrick Johnson, Nathaniel

Gorham, Greg Lerud, Larry Brown, Marie Darling, and Tim Keane, who has filed separately. The plaintiffs, Alex and Elena Ugorets, bring three counts: a Fifth Amendment takings claim, a takings claim brought under the Minnesota Constitution, and a conspiracy claim arising under 42 U.S.C. §§ 1985 and 1986. The Court will deny the City of Shorewood's Motion to Dismiss the Fifth Amendment takings claim because the claim properly alleges that Shorewood interfered with the Ugorets' property interests. The Motions to Dismiss the Minnesota Constitution takings claim will be granted because the Ugorets failed to follow the necessary procedure to enforce a state constitutional right. The Motion to Dismiss the conspiracy claim will be granted because the Ugorets failed to plead facts sufficient to establish a conspiracy claim. Finally, the Court will dismiss all the defendants other than the City of Shorewood because the individuals cannot be properly sued in this matter.

**BACKGROUND**

## I.      FACTS

Plaintiffs Alex and Elena Ugorets' residence is a single-family property located on Brentwood Avenue in the city of Tonka Bay ("the property"). (Compl. ¶ 18, June 18, 2021, Docket No. 1.) The property is on the border between Tonka Bay and Shorewood. (*Id.* at ¶ 21). The front of the property has a driveway onto Brentwood Avenue in Tonka Bay, and the back of the property borders Shorewood. (*Id.*) The property abuts Timber Lane, a cul-de-sac wholly within Shorewood. (*Id.* at ¶¶ 22, 24.) There is no established

connection between the property and Timber Lane, but an unpaved driveway does exist. (*Id.* at ¶ 26.) The Ugorets have used the unpaved driveway for over twelve years. (*Id.* at ¶ 27).

Shorewood residents who live on the Timber Lane cul-de-sac took issue with the Ugorets' use of the unpaved driveway. (*Id.* at ¶ 28.) They submitted a petition to the Shorewood City Council, requesting that the city install a barrier along the Shorewood-Tonka Bay boundary line to prevent motorized traffic from accessing Tonka Bay via Timber Lane. (*Id.* at ¶ 28.) The unpaved driveway on the Ugorets property was the only way to access Tonka Bay via Timer Lane. (*Id.* at ¶ 29.)

On May 10, 2021, Shorewood installed a barrier blocking the unpaved driveway on the Ugoret's property preventing them from accessing Timber Lane. (*Id.* at ¶ 31.)

## II.   PROCEDURAL HISTORY

The Ugorets filed this lawsuit against the City of Shorewood, the Shorewood City Council, the Mayor, the four members of the Shorewood City Council, the Shorewood Administrator, Shorewood's Director of Public Works, Shorewood's Director of Planning, and the Shorewood City Attorney. (*Id.* at ¶¶ 5–17.) The Complaint alleges that the defendants violated the both the Ugorets' Fifth Amendment rights and their rights under the Minnesota Constitution by engaging in a taking without just compensation. (*Id.* at ¶¶ 36, 39.) The Ugorets further assert in their Complaint that the defendants engaged in a conspiracy to interfere with the Ugorets' civil rights in violation of 42 U.S.C. §§ 1985(3)

and 1986.  (*Id.* at ¶¶ 42–43.)  The Ugorets claim that they were damaged in excess of

$50,000 and request money damages as well as temporary and permanent injunctive

relief.  (*Id.* at 6.)

The defendants filed a joint answer and brought this Motion to Dismiss.  (Ans., July

19, 2021, Docket No. 6; Mot. Dismiss, July 23, 2021, Docket No. 8.)[1]

## DISCUSSION

## I.    STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the Court considers all facts

alleged in the complaint as true to determine if the complaint states a "'claim to relief

that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir.

2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  The Court construes the

complaint in the light most favorable to the plaintiffs, drawing all inferences in plaintiffs'

favor.  *Ashley Cnty. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court

accepts the complaint's factual allegations as true, and in the light most favorable to the

plaintiffs, it is "not bound to accept as true a legal conclusion couched as a factual

allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or mere "labels and

---

[1]  Defendant Tim Keane, the Shorewood Attorney, is separately represented.
Nonetheless, he joins in the same arguments as the other defendants and does not raise any
unique grounds for dismissal.  Keane filed a separate but identical Answer and then filed a
separate Motion to Dismiss.  (Keane Ans., Sept. 24, 2021, Docket No. 20; Keane Mot. Dismiss,
Oct. 12, 2021, Docket No. 21.)  The parties attended a meet and confer, and agreed that the
arguments raised in the initial Motion to Dismiss applied to Keane as well.  (Meet and Confer
Statement, Oct. 12, 2021, Docket No. 25.)

conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (quotation omitted).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999).  It may, however, consider some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." *Id.*

II.    **ANALYSIS**

   A.    **Fifth Amendment Takings Claim**

Count One alleges a violation of the Takings Clause of the Fifth Amendment to the United States Constitution.  The Takings Clause provides that private property shall not be taken for public use without just compensation and is applicable to the States through the Fourteenth Amendment.  U.S. Const. Amend. V; *Chicago, B. & Q. R. Co. v. Chicago*, 166 U.S. 226 (1897).  A government can "take" property from a private individual in a "nearly infinite variety of ways." *Ark. Game and Fish Comm'n v. United States*, 568 U.S. 23, 31 (2012).  Plaintiffs may bring either a direct condemnation claim where the government takes title to the property under its power of eminent domain, or an inverse condemnation claim where government action devalues property thereby taking it "in

fact". *United States v. Clarke*, 445 U.S. 253, 257 (1980). Here, the plaintiffs bring an inverse condemnation claim asserting that the Defendants installation of a barrier in front of the plaintiffs' unpaved driveway devalues their property and so is a taking in fact. Under modern takings law, there is "no magic formula" to determine "whether a given government interference with property is a taking" but rather should be determined on a case-by-case basis. *Ark. Game and Fish Comm'n*, 568 U.S. at 31–32.

Preliminarily, courts must decide whether plaintiffs have a protected property interest that the government interfered with. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000 (1984). And that determination is the crux of this dispute. If the plaintiffs have a property interest in accessing Timber Lane via their unpaved driveway, then the defendants engaged in an indirect taking of the plaintiffs' property by removing their access without just compensation. If the plaintiffs do not have such a property interest, their claim fails.

Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Ruckelshaus*, 467 U.S. at 1001. State law makes clear that access to a public road from an abutting property is in fact a property right. First, when a property lot or block abutting a street is conveyed, the recipient of the conveyance is presumed to take title to the middle of the street. *Gilbert v. Emerson*, 61 N.W. 820, 822 (Minn. 1895). According to the Complaint, which the Court accepts as true at this stage of litigation, the property

"directly abuts Timber Lane." (Compl. at ¶ 24.)  The Court must, therefore, presume that the plaintiffs' property interest runs from the edge of the property to the center of Timber Lane and Shorewood's barrier interferes with plaintiffs' property interest to access the road. Furthermore, the Minnesota Supreme Court has held on multiple occasions that disruption of access to a public thoroughfare from an abutting property is a sufficient interference with the property right of the landowners to constitute a taking.  *See Hendrickson v. State*, 127 N.W.2d 165, 173 (Minn. 1964) (holding that a property owner was entitled to just compensation when the government converted an abutting road into a controlled-access thoroughfare);  *Courteaus, Inc. v. State, Dep't of Highways*, 268 N.W.2d 65, 66 (Minn. 1978) (concluding that elimination of a property owner's access to an existing street in order to upgrade a roadway constituted a taking).

The defendants dispute the extent to which the plaintiffs' property abuts Timber Lane, but this is a factual dispute which is inappropriate to resolve on a motion to dismiss. *Braden,* 588 F.3d at 594.  The case requires development of the factual record to resolve certain disputes such as the effect the municipal line running between the property and Timber Lane has on the property's status as an "abutting property".  In sum, the Court finds that the property interest is sufficiently pleaded for the Fifth Amendment takings claim to survive a motion to dismiss.

While the Court will deny the defendants' motion to dismiss the Fifth Amendment takings claim, the Court will preclude plaintiffs' from seeking injunctive relief.  The U.S.

Supreme Court has held that "[e]quitable relief is not available to enjoin an alleged taking of private property for public use . . . when a suit for compensation can be brought against the sovereign subsequent to the taking. *Ruckelshaus*, 467 U.S. at 1016. There is no indication that money damages would not be sufficient to remedy the potential harm here, and the plaintiffs did not contest the dismissal of their request for injunctive relief. Thus, the Court will allow the Fifth Amendment takings claim for only just compensation to proceed.

### B.   Minnesota Constitutional Takings Claim

Count II alleges that the defendants' actions constituted a taking in violation of Article I, Section 13 of the Minnesota State Constitution which states that private property shall not be taken without just compensation. Minn. Const. art. I, sec. 13. State courts in Minnesota have held that the appropriate method to bring an inverse condemnation claim is a petition for a writ of mandamus. *Nolan and Nolan v. City of Eagan,* 673 N.W.2d 487, 492 (Minn. Ct. App. 2003) (citing *Thomsen, v State,* 170 N.W.2d 575, 580 (Minn. 1969)). Rather than filing a petition for a writ of mandamus though, plaintiffs rely on Minnesota Statute 117.025 as support for their state inverse condemnation claim. (Compl. at 5.) That statute contains the statutory definition of a taking, among several other definitions, but notably does not contain a private right of action to enforce any constitutional right. Minn. Stat. 117.025. Because the plaintiffs failed to follow the

-8-

procedural method required by state law to enforce their rights under the Minnesota Constitution, the Court will dismiss the state constitutional claim.[2]

### C.    Conspiracy Claim

Plaintiffs have asserted a conspiracy claim, alleging that the defendants conspired to violate their constitutional rights in violation of 42 U.S.C. §§ 1985(3) and 1986.  To establish a conspiracy under 42 U.S.C. § 1985(3), a plaintiff must prove that the defendants (1) conspired (2) for the purpose of depriving, either directly or indirectly, any person of the equal protection of the laws, and (3) one or more of the conspirators did any act in furtherance of the object of the conspiracy thereby (4) causing another person to be injured in his person or property.  *City of Omaha Emps. Benefit Ass'n v. Omaha*, 883 F.2d 650, 652 (8th Cir. 1989).   Under section 1985(3), the "purpose element of the conspiracy requires that the plaintiff prove a class-based invidiously discriminatory animus."  *Id.* (internal quotations omitted).  Plaintiffs do not allege that they belong to any protected class, or that the defendants acted with discriminatory animus.  Therefore, on this issue alone, their conspiracy claim fails to state a facially valid claim.

_____

[2] Plaintiffs acknowledge that Minnesota law requires plaintiffs to pursue an action for inverse condemnation through a writ of mandamus as a procedural requirement in state court. They argue that the Supreme Court's decision in *Knick v. Township of Scott, Pennsylvania* established a rule that federal courts may not force plaintiffs to exhaust state court remedies prior to bringing actions in federal courts.  But *Knick* did not involve enforcing a state constitutional right but rather a federal constitutional right, and thus the rule does not apply here. *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162, 2167 (2019).

The law is also clear that an entity, such as a corporation or a government, is not able to conspire with itself. *Runs After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir. 1983). An exception exists where the members of the entity involved in the conspiracy were acting outside the scope of their duties for their own benefit. *Garza v. City of Omaha,* 814 F.2d 553, 556 (8th Cir. 1987). Defendants were all members of a government entity and therefore could not conspire among themselves unless acting outside the scope of their duties for their own personal benefit, which plaintiffs do not claim. Therefore, as a matter of law, the Court will dismiss the conspiracy claim for failure to state a claim upon which relief may be granted.[3]

D.      **Proper Parties**

Plaintiffs bring their Fifth Amendment takings claim against defendants collectively. The defendants fall into three categories, the City of Shorewood, the Shorewood City Council, and the individual city employee defendants. Because the only defendant with the apparent or real authority to erect the barrier blocking the plaintiffs from accessing Timber Lane is the City of Shorewood, the Shorewood City Council cannot be sued, and the individual defendants constitute redundant parties here, the Court will

---

[3] A claim under 42 U.S.C. § 1986 is dependent upon a valid § 1985 claim. *Lewellen v. Raff,* 843 F.2d 1103, 1116 (8th Cir. 1988). Because plaintiffs' § 1985 claim fails, so too does their § 1986 claim.

find that the City of Shorewood is the only party that may be sued for a violation of the Fifth Amendment takings clause and will dismiss the other parties from this action.

### 1.    The City of Shorewood

Constitutional takings actions sound against municipalities.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 687 (1978).  Actions are ripe as soon as the government 'takes' the property in question.  *Knick*, 139 S. Ct. at 2170.  Therefore, the City of Shorewood is a properly named defendant.

### 2.    The Shorewood City Council

The Shorewood City Council, however, is not a proper party.  The City Council is a department of the City of Shorewood and established, as is the city, by statute.  Minn. Stat. Ann. § 412.191 (West 2021).  Minnesota courts have not directly addressed whether the city council of a statutory city is a suable entity separate from the city itself.  In *Galob v. Sanborn*, however, the Minnesota Supreme Court reviewed the question of whether the Hibbing Public Utilities Commission could be sued.  160 N.W.2d 262, 265 (1968).  The *Galob* court held that the Commission was established by statute and therefore its powers were limited to those laid out in the statute.  *Id.*  Among those powers was the exclusive control of its operations and funds but the Court concluded that the statute did not grant

the Commission the ability to sue and be sued.  *Id.*  As such, the court held the Commission was merely a facet of the city and could not be sued separately.  *Id.*[4]

The Shorewood City Council, like a utilities commission, has its duties and powers specified by state statutes.  Minn. Stat. Ann. §§ 412.191–412.241 (West 2021).  And state law does not establish that a city council may be sued.  It follows, then, that a city council is not itself a legal entity but a subdivision of the city and not independently subject to suit.  Therefore, the Court will dismiss the Shorewood City Council from this action.

### 3.      The Individual Defendants

As a preliminary matter, the plaintiffs fail to specify whether the lawsuit is brought against the individual defendants in their individual or official capacities.  Public servants may be sued in either their official or their individual capacities, or both.  *Rumery v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  If the complaint does not expressly state that the individual government agents are being sued in their individual capacity, courts assume that the suit is brought against them in their official capacity.  *Id.* Because plaintiffs failed to articulate in what capacity they are suing the defendants, the Court will assume that they are being sued in their official capacities only.  *Id.*

---

[4] Minnesota appellate courts have followed *Galob*'s reasoning in finding that police departments and sheriff's offices are not legal entities subject to suit, but rather are subdivisions of municipal corporations such as cities and counties.  *See Hyatt v. Anoka Police Dep't* , 700 N.W.2d 502, 505 (Minn. Ct. App. 2005); *see also Maras v. City of Brainerd* , 502 N.W.2d 69, 79 (Minn. Ct. App. 1993).

An action brought against a government official in their official capacity is tantamount to an action brought directly against the public entity for which the official is an agent. *Roberts v. Dillon*, 15 F3d. 113, 115 (8th Cir. 1994). Suing both, then, is redundant. *Id.* Because individual defendants are being sued in their official capacities as agents of the City of Shorewood, who is also a defendant, the Court will dismiss the individual defendants as redundant parties.

Additionally, takings claims are properly viewed as limitations on the government—therefore the claims may only be brought against government entities. *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984); *Langdon v. Swain*, 29 Fed. App'x 171, 172 (4th Cir. 2002). Neither the Shorewood City Council nor the individual defendants had the authority to execute a taking of plaintiffs' property. That authority lay with Shorewood alone. The other defendants may be necessary parts of the equation that resulted in the taking, but they did not themselves take the property.

## CONCLUSION

Plaintiffs' Fifth Amendment takings claim against the City of Shorewood is properly pleaded. Therefore, the Court will not dismiss the claim. Plaintiffs' state constitutional claim is improperly pursued here, and the conspiracy claim is not factually supported, thus requiring dismissal of both. Finally, the Shorewood City Council and the individual defendants are not proper parties to this action because the council cannot be sued and

because the individual defendants are redundant parties.  All claims against the council and the individual defendants will be dismissed.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants City of Shorewood, Shorewood City Council, Jennifer Labadie, Paula Callies, Debbie Siakel, Patrick Johnson, Nathaniel Gorham, Greg Lerud, Larry Brown, and Marie Darling's Motion to Dismiss [Docket No. 8] is **GRANTED in part and DENIED in part as described herein.  The Motion is GRANTED as to:**

  a.  the claims against Shorewood City Council, Jennifer Labadie, Paula Callies, Debbie Siakel, Patrick Johnson, Nathaniel Gorham, Greg Lerud, Larry Brown, and Marie Darling,

  b.  the 42 U.S.C. §§ 1985(3) and 1986 Conspiracy claim,

  c.  the inverse condemnation claim arising from the Minnesota Constitution.

These claims are **DISMISSED**.  The Motion is **DENIED** as to:

  a.  the Fifth Amendment takings claim against the City of Shorewood.

Defendant Tim Keane's Motion to Dismiss [Docket No. 21] is **GRANTED** as to all claims brought against Tim Keane.   Keane's request for costs and disbursements is **DENIED.**

DATED:  January 5, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court